UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| LUIGI P. SALVI, ET AL. Plaintiffs, v. ERIE INSURANCE EXCHANGE, Defendant. | Civil Action No. 3:12-CV-150 |
|---|---|

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Erie Insurance Exchange's Rule 12(b)(1) Motion to Dismiss. (Doc. No. 5.) For the reasons stated below, the Court GRANTS the Motion.

### I. BACKGROUND

This case arises out of a dispute between Plaintiffs Luigi P. and Eileen D. Salvi and their homebuilder, Parker & Orleans Homebuilders, Inc. ("Parker & Orleans"), concerning damages incurred as a result of property damage to the Salvis' house. The Salvis seek to collect insurance proceeds on a general commercial liability policy issued by Erie to Parker & Orleans. To that end, the Salvis filed an action against Parker & Orleans in the Chesterfield County, Virginia Circuit Court. That suit went to mediation, resulting in a partial settlement. The partial settlement provided, *inter alia*, that a liquidated sum of damages payable by Parker Orleans in the amount of $500,000 would be made by Erie pending a determination of whether Parker Orleans's liability policy with Erie covered the damages. In the instant suit, the Salvis (1) seek a declaration that Erie has breached its duty

1

under the policy to pay them, and (2) ask the Court to award damages in the amount of the liquidated sum that Erie agreed to pay in accordance with the partial settlement.

In its Motion to Dismiss, Erie alleges there is no diversity of citizenship between the parties and therefore no federal subject matter jurisdiction under 18 U.S.C. § 1332(a). The Salvis argue that the parties are in fact diverse and that the Court should refuse to dismiss for lack of jurisdiction.

## II. LEGAL STANDARD

The burden of proving subject matter jurisdiction in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). This is because "[i]t is to be presumed that a cause lies outside th[e] limited jurisdiction" of the federal courts. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

When a motion to dismiss for lack of subject matter jurisdiction asserts that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), the Court accepts as true the allegations in the complaint and determines whether they are sufficient to confer jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Where evidence germane to subject matter jurisdiction has been submitted, however, the Court is entitled to look beyond the allegations in the complaint. *See Taylor v. Kellogg Brown & Root Servs., Inc.*, 658 F.3d 402, 407 (4th Cir. 2011).

## III. ANALYSIS

The Salvis are domiciled in the Commonwealth of Virginia. Erie contends, as it has numerous times in the past, that as a reciprocal insurance exchange, it is an unincorporated

2

business association that is considered a citizen of each state in which its members, or policyholders, reside. *See Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir. 1983). "A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 U.S. Dist. LEXIS 71720, at *2–3 (N.D. Ohio July 16, 2010) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, No. 04-2150, 2005 U.S. Dist. LEXIS 3588, at *2 n.1 (D.D.C. Feb. 28, 2005)). Erie attaches to its Memorandum the affidavit of Gregory J. Green, who is a Claims Manager of Erie Indemnity Company, which in turn is the attorney-in-fact for Erie Insurance Exchange.* (Green Aff. 1.) Green affirms that as of February 24, 2012, Erie Insurance Exchange had 374,128 policies in effect in Virginia. (Green Aff. 1–2.) Some 367,555 of those policies, held by both individual and business policyholders, were billed to addresses in Virginia. (Green Aff. 2.) Erie argues that while it is a Pennsylvania-domiciled insurer organized under the laws of Pennsylvania, its status as a reciprocal insurance exchange means that it is considered a citizen of Virginia, as more than 300,000 of its policyholders reside there. As the Salvis are Virginia citizens, Erie contends that diversity is destroyed and subject matter jurisdiction defeated.

The issue of Erie's citizenship has been litigated in a number of district courts. The weight of this authority holds that Erie, as a reciprocal insurance exchange, is a citizen of

---

* In a reciprocal insurance exchange, members of an unincorporated association exchange contracts and pay premiums through an intermediary—an attorney-in-fact (here, Erie Indemnity Company)—so as to insure themselves and each other. *See* Black's Law Dictionary (9th ed. 2009) (Westlaw) (search "reciprocal exchange") (defining reciprocal insurance exchange). Reciprocal insurance exchanges are expressly permitted under Pennsylvania law. *See* 40 Pa. Cons. Stat. Ann. § 961 (West, Westlaw through 2012 Reg. Sess. Act 33).

3

each state in which its members reside. *See AMCO Ins. Co. v. Erie Ins. Exch.*, No. 11 C 4842, 2011 U.S. Dist. LEXIS 133147, at *7 (N.D. Ill. Nov. 16, 2011); *Erie Ins. Exch. v. Electrolux Home Products, Inc.*, No. 3:10cv615, 2011 U.S. Dist. LEXIS 77697, at *3–4 (W.D.N.C. July 15, 2011); *Themis Lodging*, 2010 U.S. Dist. LEXIS 71720, at *3–4; *Lavaland, LLC v. Erie Ins. Exch.*, No. 08-771-DRH, 2009 U.S. Dist. LEXIS 86747, at *6–7 (S.D. Ill. Sept. 22, 2009).

The Salvis argue their case is distinguishable from the district court cases cited by Erie finding diversity jurisdiction lacking because those "decisions do not indicate that any of the plaintiffs in those cases filed affidavits and exhibits to support their respective claims of jurisdiction like the documents that are attached by the plaintiffs to this brief." (Pl.'s Mem. in Opp. 4.) This distinction is important, according to the Salvis, because it is the plaintiff's burden to establish subject matter jurisdiction where, as here, it is challenged. The Salvis claim the cases cited by Erie are inapposite because the plaintiffs in those cases simply failed to adduce evidence sufficient to prove jurisdiction. As the Salvis would have it, Erie's other past litigation provides sufficient proof that Erie is a citizen of Pennsylvania for purposes of diversity jurisdiction.

The Salvis offer three additional related contentions. First, they argue that the Green Affidavit does not prove that Erie's policyholders or subscribers are members who own Erie. Second, they posit that the terms of the general commercial liability policy relevant to this case show that policyholders or subscribers are simply "customers," and not "owners," of Erie. Third, the Salvis point the Court to two district court opinions that reason that reciprocal insurance exchange policyholders are nothing more than ordinary customers, and that accordingly such exchanges should be categorized as corporations for purposes of a diversity analysis. *See Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578 (D.

4

Md. 2009); *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000). For all of these reasons, the Salvis argue that the Court should find there is no basis for claiming that federal jurisdiction does not exist.

The Court finds the Salvis' arguments to be without merit, and that *Davenport* and *Garcia* are against the greater weight of authority and longstanding recognition that reciprocal insurance exchanges "do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member." *Themis Lodging*, 2010 U.S. Dist. LEXIS 71720, at *3 (citations omitted). Federal district courts' near-uniform acceptance of this principle represents nothing more than a faithful application of the Supreme Court's direction to strictly construe the term "corporation" when considering the presence of jurisdiction under § 1332. *See Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) (explaining the Supreme Court's rejection of judicial enlargement of the diversity jurisdiction statute in *United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965)). The Court discerns no compelling reason to deviate from that well-entrenched principle here. Accordingly, this action will be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Erie Insurance Exchange's Rule 12(b)(1) Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

It is SO ORDERED.

/s/
James R. Spencer
United States District Judge

ENTERED this 14th day of May 2012

5